IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01857-PAB-MJW

KATHY "CARGO" RODEMAN,

Plaintiff,

v.

ERIK FOSTER and
THE TOWN OF OAK CREEK, COLORADO,

Defendants.

---

# MINUTE ORDER

---

**Entered by Magistrate Judge Michael J. Watanabe**

On February 24, 2010, this court granted Defendants' Motion to Compel Discovery (docket no. 21). See minute order docket no. 25. I incorporate by reference my findings and order as outlined in docket no. 25. Based upon docket no. 25, supplemental depositions of Plaintiff were taken on March 6, 2010, and August 6, 2010. During the second supplemental deposition, Plaintiff testified that her supplier for marijuana for the last six months was Shawn Douglas, except for one purchase of marijuana from a person named Mr. Ice in Denver. Plaintiff did not know Mr. Ice's real name. Moreover, Plaintiff testified that Shawn Douglas had died in December of 2008. See exhibit B attached to the subject motion (docket no. 49). In addition, Plaintiff testified in her first deposition that it was her understanding that she could buy marijuana from anybody who just happens to have it and sell it, and this understanding was based upon what Dr. Eisenbud told her. See Exhibit A attached to the subject motion (docket no. 49). On June 2, 2010, Defendants took the deposition of Dr. Eisenbud. In essence, Dr. Eisenbud denied telling Plaintiff that she could buy marijuana from anybody who just happens to have it and sell it. See Exhibit C attached to the subject motion (docket no. 49). It should be noted that Plaintiff changed her testimony as to what Dr. Eisenbud told her about purchasing marijuana after Dr. Eisenbud's deposition was taken. See Exhibit B attached to the subject motion (docket no. 49).

Here, the court finds that Plaintiff has continued to frustrate and impede the discovery process by failing to comply with this court's discovery Orders. See Orders, docket nos. 25 and 41. See also deposition transcripts of Plaintiff's depositions Exhibits A and B attached to the subject motion (docket no. 49). I further find that Plaintiff or Plaintiff's counsel at no time indicated in her responses (docket nos. 24 and 31) to

Defendant's Motion for Sanctions or Further Orders Compelling Discovery (docket no. 29) and Defendants' Motion to Compel Discovery (docket no. 21) that her primary supplier of marijuana for the last six months died in December 2008, even though it is crystal clear from Plaintiff's testimony during her second supplemental deposition that Plaintiff had personal knowledge that her primary supplier of marijuana, Shawn Douglas, had died in December 2008. Morever, at no time during the court hearing on June 28, 2010, when Magistrate Judge Watanabe heard oral argument on Defendant's Motion for Sanctions or Further Orders Compelling Discovery (docket no. 29), did Plaintiff or Plaintiff's counsel mention that her primary supplier of marijuana had died in December 2008. Instead, Plaintiff's responses, in essence, indicated that Plaintiff would not respond to who supplied her with marijuana because she wanted to protect that person from criminal charges. Criminal charges could not have been brought against Shawn Douglas when Plaintiff took this position since Shawn Douglas died in December 2008, and to prosecute Shawn Douglas would be a legal impossibility. See United States v. Oberlin, 718 F.2d 894, 896 (9th Cir. 1983) ("It is a well-settled rule that actions upon penal statutes do not survive the death of the wrongdoer.") (citing Schreiber v. Sharpless, 110 U.S. 76, 80 (1884); Rau's Estate v. C.I.R., 301 F.2d 51, 55 (9th Cir. 1962)). See also United States v. Young, 162 F.3d 1175, 1998 WL 740958 (10th cir. Oct. 23, 1998) ("[D]eath pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception.") (quotations omitted); Overland Cotton Mill Co. v. People, 75 P. 924 (Colo. 1904)( "The purpose of enforcing a penal statute is to punish the person found guilty of violating its provisions. . . . It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject-matter upon which it can operate has ceased to exist. As to the deceased, the proceedings are abated by operation of law."). Thus, I find that sanctions should be imposed against Plaintiff and Plaintiff's counsel Kristopher L. Hammond and Adam Wyatt Mayo, jointly and severally, pursuant to Fed. R. Civ. P. 30(d)(2) ("the court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays, or frustrates the fair examination of the deponent."), Fed. R. Civ. P. 37(b)(2), and 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

As a direct result of the Plaintiff and Plaintiff's counsels' conduct above, I find that Defendants would not have had to take supplemental depositions of the Plaintiff and would not have had to take the deposition of Dr. Eisenbud but for Plaintiff's refusal to answer questions during her first deposition about Shawn Douglas who was her primary marijuana supplier during the last six months, noting that Plaintiff had personal knowledge that Shawn Douglas had died in December 2008 and could not have been prosecuted and further noting that Plaintiff did not object to such questions concerning who was her supplier of marijuana based upon privilege pursuant to Fed. R. Evid. 501 or based upon the form of the question. As stated above, Plaintiff's position was that she did want not to subject Shawn Douglas to criminal prosecution.

3

Accordingly, it is hereby **ORDERED** that Defendants' Motion for Sanctions (docket no. 49) is **GRANTED IN PART AND DENIED IN PART** as follows.

It is **FURTHER ORDERED** that Defendants are awarded reasonable and necessary attorney fees and costs against Plaintiff and Plaintiff's counsel Kristopher L. Hammond and Adam Wyatt Mayo, jointly and severally, for having to file: (1) the subject motion (docket no. 49); (2) the two motions to compel which were made a subject of the two supplemental depositions of Plaintiff on March 26, 2010, and August 26, 2010; (3) the two supplemental depositions of Plaintiff; and (4) the deposition of Dr. Eisenbud. The parties and counsel shall meet forthwith to see if the amount of attorney fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the court on or before October 15, 2010. If the parties are unable to stipulate to the amount of attorney fees and costs, then the Defendants shall have up to and including October 18, 2010, to file their itemized affidavit for attorney fees and costs. The Plaintiff and Plaintiff's counsel shall have until October 29, 2010, to file their response to Defendants' itemized affidavit for attorney fees and costs. If a response is filed, then Defendants shall have up to and including November 12, 2010, to file any reply to Plaintiff's and Plaintiff's counsel response.

It is **FURTHER ORDERED** that the subject motion (docket no. 49) is **DENIED** as to allowing discovery to be re-open and for further examination of Plaintiff in deposition.

Date:  September 29, 2010