IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01857-PAB-MJW

KATHY "CARGO" RODEMAN,

    Plaintiff,

v.

ERIK FOSTER, individually and in his official capacity as an Officer with the Oak Creek,
    Colorado Police Department, and
THE TOWN OF OAK CREEK, COLORADO,

    Defendants.
_____

**ORDER**
_____

      This matter is before the Court on defendants' Motion to Vacate and Reset Trial Preparation Conference or, Alternatively, to Appear by Telephone [Docket No. 91]. On January 24, 2011, the Court issued an order asking lead counsel for both sides to indicate when and why they scheduled obligations that prevented them from personally attending the April 1, 2011 trial preparation conference in this case. The Court's Practice Standards state that "Counsel who will try the case must attend" the Trial Preparation Conference. Practice Standards (Civil Cases), Judge Philip A. Brimmer § IV.E. Moreover, the Court issued an order on September 23, 2010 that stated, "Lead counsel who will try the case shall attend in person." Docket No. 70.

      Despite the fact that lead trial counsel are required to attend the Trial Preparation Conference and that neither side objected to the April 1, 2011 setting in this case, the defendants' motion states that, on April 1, 2011, lead counsel for plaintiff will

be camping and lead counsel for defendants will be in Singapore "on a business matter."

Lead counsel for defendants indicates that, in early December 2010, he was invited to teach a class on April 3 and 4 in Singapore to Southeast Asian polygraph examiners regarding American and international legal considerations for polygraphs. He accepted this invitation shortly thereafter. Docket No. 93. Although this does not prevent him from attending the April 1, 2011 trial preparation conference personally, he planned to leave early to meet with Singapore representatives to prepare for his class. What the Court concludes from these facts is that defendants' lead counsel accepted an invitation to teach a class which essentially conflicted with the April 1, 2011 trial preparation conference, but rather than seeking Court permission to reschedule the conference or appear via telephone before accepting the invitation, he accepted first and asked permission approximately a month and half later.

Lead counsel for plaintiff states that, after the April 1 trial preparation conference date was set, he learned that his son, who is in college, has Spring Break between March 28 and April 1, 2011. He would like to spend this time camping with his son, but has no firm plan to be camping on April 1. He states that he will be at the April 1, 2011 trial preparation conference if it is not rescheduled. Docket No. 94.

Lead counsel for both parties have stated perfectly legitimate reasons to ask the Court to reschedule the trial preparation conference in this case. The way that the parties moved to reschedule the trial preparation conference is what is at issue. The motion to vacate the trial preparation conference clearly states that lead counsel for both parties had already made arrangements to be out of town on April 1. Docket No.

91 at 2.  Given that they were required to attend and had no permission not to attend, the grounds stated in the motion do not provide a basis to grant the motion.  The parties' supplemental briefs, however, do state a sufficient basis to reschedule the trial preparation conference.

Wherefore, it is

ORDERED that defendants' Motion to Vacate and Reset Trial Preparation Conference or, Alternatively, to Appear by Telephone [Docket No. 91] is granted to the extent that lead counsel for the parties may contact chambers to determine whether there is time available to reschedule the trial preparation conference in this case.

DATED January 27, 2011.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge