IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01857-PAB-MJW

KATHY "CARGO" RODEMAN,

      Plaintiff,

v.

ERIK FOSTER, individually and in his official capacity as an Officer with the Oak Creek,
      Colorado Police Department, and
THE TOWN OF OAK CREEK, COLORADO,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on plaintiff's motion for reconsideration of the

Court's order granting partial summary judgment in favor of defendants [Docket No.

119].  In its summary judgment order, the Court denied summary judgment as to

plaintiff's Fourth Amendment unlawful entry claim and state law claims for trespass,

false arrest and outrageous conduct, but granted summary judgment in favor of

defendants on plaintiff's Fourth Amendment excessive force claim and state law claims

for battery and assault [Docket No. 97].  Plaintiff now argues that the grant of summary

judgment as to her excessive force claim was in error.  For the following reasons, the

Court will deny the motion.

      The Federal Rules of Civil Procedure do not expressly provide for motions for

reconsideration.  *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d

858, 861 (10th Cir. 1995); *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th

Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment.  Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment. . . . In such a case, the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b).") (quotations and citations omitted).

Where, as here, a party seeks reconsideration of a non-final order, that motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  However, "[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *United Fire & Cas. Co.*, 2010 WL 420046 at *3. Although courts in this district have applied different standards, *see id.* (noting cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard), the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which

2

were available at the time of the original motion . . . Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. " *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff's motion for reconsideration first argues that Sgt. Foster's deposition and narrative account of the incident raise a genuine issue of fact regarding whether he successfully tased plaintiff three times.  Plaintiff also argues that this evidence, submitted with defendants' motion for summary judgment, creates a genuine issue of material fact by suggesting that plaintiff was neither resisting nor disobeying any of Sgt. Foster's orders when Sgt. Foster tased her a second and third time.  *See* Docket No. 119 at 2-5.

In their motion for summary judgment, defendants submitted undisputed facts 14 and 15, which stated:

> 14.    Foster fired his taser cartridge at Plaintiff. It is not believed that both prongs  of the taser made contact.  As such, the taser was ineffective. Plaintiff then began removing the one prong that had made contact with her.  After this first attempt was unsuccessful in gaining compliance, Foster proceeded with a contact or "drive stun" method of tasing Plaintiff. *See* **EXHIBIT A-2** at p. 4.

> 15.    Plaintiff subsequently became compliant. *See id.*

Docket No. 46 at 5-6.  Plaintiff did not dispute these facts and analyzed the excessive force issue without any reference to multiple tasings.  *See* Docket No. 53 at 1-4, 9-13. Nor did plaintiff dispute that she failed to comply prior to each attempt to tase her.  *See id.* Moreover, the evidence that plaintiff cites in her motion for reconsideration was

available to her at the time she responded to the summary judgment motion. Nevertheless, plaintiff chose not to dispute the version of events set forth in defendants' motion.

Once defendants asserted qualified immunity, the burden shifted to plaintiff to show the violation of a clearly established right. *See Powell v. Mikulecky*, 891 F.2d 1454, 1457 (10th Cir. 1989) ("Only after plaintiff has shown a violation of a clearly established right does the defendant assume the normal burden of a movant for summary judgment of establishing that no material facts remain in dispute that would defeat his or her claim of qualified immunity."). Plaintiff cannot now dispute facts she previously chose not to dispute and thereby meet her burden. *See Servants of the Paraclete*, 204 F.3d at 1012 (not appropriate to advance arguments that could have been raised in prior briefing).[1]

Plaintiff's remaining arguments address the Court's legal conclusion that Sgt. Foster's use of a TASER was reasonable under the circumstances. Plaintiff presents several new legal arguments. She contends: (a) that Sgt. Foster recklessly created the circumstances requiring the use of force; (b) that the facts are insufficient to show that plaintiff herself posed a threat to Sgt. Foster's safety; and (c) that it was clearly established that use of a TASER under the circumstances was unjustified. All of these arguments were available to plaintiff in her original response to defendants' motion, yet

---

[1] Moreover, reading Sgt. Foster's deposition and narrative account in the light most favorable to plaintiff, it remains undisputed that, according to Sgt. Foster, plaintiff either failed to comply with orders or continued to "flail at the filaments" of the TASER and attempt to remove its probes before each attempted TASER use. *See* Docket No. 46-3 at 9; Docket No. 46-2 at 5.

4

none of them was made.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Thus, the

Court declines to consider them unless plaintiff can demonstrate that the Court's earlier

ruling was clearly in error.

The Court finds that none of these new arguments shows clear error.  First, Sgt.

Foster did not recklessly create the environment requiring his use of force.  A jury may

ultimately decide that Sgt. Foster's entry into the home was unjustified; however,

plaintiff does not provide authority contradicting the cases cited by the Court, which hold

that an officer's lack of probable cause for initiating an arrest is not relevant to an

excessive force claim.  *See* Docket No. 97 at 12 (citing *Fogarty v. Gallegos*, 523 F.3d

1147, 1160 (10th Cir. 2008); *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir.

2007)).  Moreover, Sgt. Foster's "threat of tasering" did not create the chaotic

environment necessitating his use of the TASER.  *See* Docket No. 119 at 6.  Rather, the

video of the incident shows that the Montoya sisters began yelling after Sgt. Foster took

plaintiff's arm in order to put handcuffs on her and before Sgt. Foster warned plaintiff

that he would tase her.

Second, the Court did not err by considering the Montoya sisters' actions in

determining whether the force used was reasonable.  Plaintiff provides no authority

stating that the actions of others present at the scene of an arrest are irrelevant to the

determination of whether force was reasonable under the totality of the circumstances.

*See McNeil v. Anderson*, 258 F. App'x 205, 208 (10th Cir. 2007) (finding officer's

conduct "was objectively reasonable under the totality of the circumstances" in a "rapidly

developing encounter [] fraught with danger").  If anything, plaintiff's refusal to cooperate

exacerbated the danger to Sgt. Foster by prolonging his need to remain in a small,

crowded room with three people, two of whom were yelling and one of whom had already forcibly resisted his entry into the residence.  Moreover, undisputed evidence showed that plaintiff herself posed a threat to Sgt. Foster's safety, as plaintiff "escalated the potential safety threat by failing to comply with [the officer's] orders" and "struggling with [the officer]."  *See id.*

Finally, plaintiff does not show that the Court committed clear error in finding that, even if Sgt. Foster violated plaintiff's rights, those rights were not clearly established. Plaintiff's citation to *Casey v. City of Federal Heights,* 509 F.3d 1278 (10th Cir. 2007), is unavailing.  Casey held that "it is excessive to use a Taser to control a target without having any reason to believe that a lesser amount of force - or a verbal command - could not exact compliance." *Id.* at 1286.  Sgt. Foster had reason to believe that both a verbal command and a lesser amount of force, namely grabbing plaintiff's arm and trying to pull it behind her back, would not exact compliance because he attempted both before deciding to activate his TASER.  *See id.*

Plaintiff argues that the present case is distinguishable from *Mecham v. Frazier*, 500 F.3d 1200 (10th Cir. 2007), because the incident in *Mecham* involved an imminent safety threat from a car parked on the shoulder of a highway.  Plaintiff made this argument in her original response, *see* Docket No. 53 at 13, and the Court rejected it.  Nothing in plaintiff's new arguments demonstrate that the Court committed clear error.  In the interest of judicial efficiency, the Court will not repeat its earlier analysis.

The Court finds that plaintiff has not presented any new evidence or arguments that were unavailable to her when she originally responded to defendant's motion for summary judgment.  Nor has plaintiff demonstrated that any of the Court's earlier

6

conclusions were clearly erroneous.  Rather, plaintiff attempts to "revisit issues already addressed or arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Reconsideration of the Court's Order Granting Partial Motion for Summary Judgment [Docket No. 119] is **DENIED**.


DATED March 16, 2011.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge